IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CLAUDIO VALLEJO, <br><br> *Plaintiff*, <br><br> v. <br><br> KELLER INDEPENDENT SCHOOL DISTRICT AND ITS BOARD OF TRUSTEES CHARLES RANDKLEV, JOHN BIRT, JONI SHAW SMITH, MICAH YOUNG, CHELSEA KELLY, CHRIS COKER, and HEATHER WASHINGTON in their official capacity, <br><br> *Defendants*. | CIVIL ACTION NO. 4:25-cv-00138-O |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TABLE OF CONTENTS

Table of Authorities ................................................................................................................... ii

I.  Introduction and Summary of Argument ..........................................................................1

II. Argument ...........................................................................................................................2

    A.  The Court should dismiss Plaintiff's VRA Section 2 claim because settled precedent requires challenges to an at-large voting system to satisfy *Gingles*. ........2

    B.  The Court should also dismiss the VRA claim because Plaintiff seeks a judicial remedy without proving a violation. ...................................................................3

    C.  The Court should dismiss the 14th and 15th Amendment claims. ..........................4

    D.  The Court should dismiss the complaint because Plaintiff's "remedy" would not provide Hispanic voters the opportunity to elect candidates of choice. ............6

    E.  If any claims remain, the Court should dismiss the individual Defendants. ............7

    F.  Plaintiff's brief confirms his lack of standing to bring this lawsuit. ........................9

    G.  The Court should award Defendants their attorneys' fees and costs. ....................10

Prayer ........................................................................................................................................10

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbott v. Perez*,
 585 U.S. 579 (2018)..................................................................................................................5

*Ala. State Conf. of NAACP v. City of Pleasant Grove*,
 372 F.Supp.3d 1333 (N.D. Ala. 2019)......................................................................................8

*Allen v. Milligan*,
 599 U.S. 1 (2023) .....................................................................................................................4

*Baines v. Masiello*,
 288 F.Supp.2d 376 (W.D.N.Y. 2003).......................................................................................9

*Benavidez v. Irving Indep. Sch. Dist.*,
 690 F.Supp.2d 451 (N.D. Tex. 2010) .......................................................................................2

*Book People, Inc. v. Wong*,
 91 F.4th 318 (5th Cir. 2024) .....................................................................................................9

*Brewer v. Ham*,
 876 F.2d 448 (5th Cir. 1989) ....................................................................................................3

*Castro Romero v. Becken*,
 256 F.3d 349 (5th Cir. 2001) ....................................................................................................8

*Center for Inquiry, Inc. v. Warren*,
 845 F. App'x 325 (5th Cir. 2021) .............................................................................................8

*Colgrove v. Green*,
 328 U.S. 549 (Black, J., dissenting).........................................................................................5

*Ford v. NYLCare Health Plans of Gulf Coast, Inc.*,
 301 F.3d 329 (5th Cir. 2002) ....................................................................................................9

*Fusilier v. Landry*,
 963 F.3d 447 (5th Cir. 2020) ....................................................................................................2

*Gomillion v. Lightfoot*,
 364 U.S. 339 (1960)..................................................................................................................5

*Hafer v. Melo*,
 502 U.S. 21 (1991)....................................................................................................................8

*Jenkins v. Bd. of Educ. of Hous. Indep. Sch. Dist.*,
   937 F.Supp. 608 (S.D. Tex. 1996) ................................................................................... 8

*Johnson v. Waller Cnty.*,
   593 F.Supp.3d 540 (S.D. Tex. 2022) ................................................................................ 5

*Kentucky v. Graham*,
   473 U.S. 159 (1985) .......................................................................................................... 7

*Kumar v. Frisco Indep. Sch. Dist.*,
   476 F.Supp.3d 439 (E.D. Tex. 2020) ................................................................................ 2

*La Union del Pueblo Entero v. Abbott*,
   770 F.Supp.3d 974 (W.D. Tex. 2025) .............................................................................. 8

*Lopez v. Abbott*,
   339 F.Supp.3d 589 (S.D. Tex. 2018) ................................................................................ 6

*Massachusetts v. EPA*,
   549 U.S. 497 (2007) .......................................................................................................... 6

*Notariano v. Tangipahoa Par. Sch. Bd.*,
   266 F.Supp.3d 919 (E.D. La. 2017) .................................................................................. 8

*Estate of Parker v. Miss. Dep't of Public Safety*,
   --F.4th--, 2025 WL 1603809 (June 6, 2025) ................................................................... 9

*Perez v. Pasadena Indep. Sch. Dist.*,
   165 F.3d 368 (5th Cir. 1999) ........................................................................................ 1, 2

*Petteway v. Galveston Cnty.*,
   111 F.4th 596 (5th Cir. 2024) (en banc) ....................................................................... 4, 7

*Ramos v. City of San Antonio*,
   No. SA-05-CA-0500-RF, 2005 WL 3046245 (W.D. Tex. Nov. 3, 2005) ........................ 8

*Reno v. Bossier Parish Sch. Bd.*,
   520 U.S. 471 (1997) ........................................................................................................ 10

*Reyes v. City of Farmers Branch, Tex.*,
   586 F.3d 1019 (5th Cir. 2009) .......................................................................................... 2

*Rogers v. Lodge*,
   458 U.S. 613 (1982) ...................................................................................................... 5, 6

*Roman v. Whitmire*,
   62 F.3d 396 (5th Cir. 1995) (per curiam) ......................................................................... 8

*Shafer v. Pearland Indep. Sch. Dist.*,
  No. 3:22-cv-387, 2023 WL 6216538 (S.D. Tex. May 4, 2023)..................................................8

*Shaw v. Reno*,
  509 U.S. 630 (1993)..................................................................................................................5

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016)..................................................................................................................9

*Texas v. U.S.*,
  126 F.4th 392 (5th Cir. 2025) ...................................................................................................6

*Thornburg v. Gingles*,
  478 U.S. 30 (1986), reaffirmed in *Allen v. Milligan*, 599 U.S. 1 (2023).....................2, 3, 4, 10

*Valdespino v. Alamo Heights Indep. Sch. Dist.*,
  168 F.3d 848 (5th Cir. 1999) ....................................................................................................2

*Vaughan v. Lewisville Indep. Sch. Dist.*,
  62 F.4th 199 (5th Cir. 2023) ...................................................................................................10

*Weathers v. Sch. Bd. of Lafayette Par.*,
  281 Fed. App'x 428 (5th Cir. 2008) .........................................................................................8

*Xerox Corp. v. Genmoora Corp.*,
  888 F.2d 345 (5th Cir. 1989) ....................................................................................................9

*Zimmer v. McKeithen*,
  485 F.2d 1297 (5th Cir. 1973) ..............................................................................................5, 6

**Statutes**

Tex. Educ. Code § 11.054(d) ............................................................................................................6

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants file this reply brief supporting their motion to dismiss:

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's opening assertion that his action is "not *squarely* foreclosed by precedent" is wrong. Pl. Br. at 4 (emphasis added). The law couldn't be clearer. For four decades, Plaintiffs challenging at-large voting systems have had to satisfy *Gingles*: "As a matter of law, the use of at-large voting can impede the ability of minority voters to elect representatives of their choice *only if* the plaintiffs demonstrate that the group meets the three *Gingles* requirements." *Perez v. Pasadena Indep. Sch. Dist.*, 165 F.3d 368, 372 (5th Cir. 1999) (emphasis added). Numerous challenges to at-large elections have thus been rejected for plaintiffs' failure to satisfy *Gingles* precondition 1. Plaintiff misleads this Court when he asks it to reward his refusal to even attempt to satisfy *Gingles* in favor of a legal standard for which he offers zero case law support. Moreover, he cannot even satisfy his own method of "relief." Under cumulative voting, Hispanic voters would still lack the opportunity to elect candidates of their choice. Not only is this VRA claim one for which relief cannot be granted, it is unreasonable and unfounded because it is precluded by forty years of consistent precedent. It thus warrants attorney's fees and costs in addition to dismissal.

Plaintiff's constitutional claims fare no better. The at-large scheme utilized in Keller ISD has been unchanged for decades. It preserves for every voter the same opportunity to vote for each Board seat at each election. The fact that the Board has not made a radical change to the District's election scheme based upon one plaintiff's demand for change is not evidence of discrimination, especially when there is no conceivable alternative plan that would enable Hispanic voters to control District elections.

Finally, Plaintiff's opposition brief confirms his lack of standing to bring this lawsuit.

1

## II. ARGUMENT

### A. The Court should dismiss Plaintiff's VRA Section 2 claim because settled precedent requires challenges to an at-large voting system to satisfy *Gingles*.

Plaintiff all but acknowledges that settled precedent forecloses his VRA Section 2 claim. *See* Pl. Br. at 5 n.22 (quoting the test from *Thornburg v. Gingles*, 478 U.S. 30 (1986), reaffirmed in *Allen v. Milligan*, 599 U.S. 1, 17 (2023) ("For the past forty years, we have evaluated claims brought under §2 using the three-part framework developed in [*Gingles*].")). The Fifth Circuit has also made clear that a plaintiff's challenge to an at-large voting scheme can succeed "*only if* the plaintiffs demonstrate that the group meets the three *Gingles* requirements." *Perez*, 165 F.3d at 372 (emphasis added). In *Perez*, the court upheld at-large school board elections because plaintiffs did not show a demonstration plan in which the minority CVAP met the 50% threshold of *Gingles* precondition one. *Id.* at 372–73; *see also Fusilier v. Landry*, 963 F.3d 447, 456 (5th Cir. 2020) (finding that although the demonstration plan met *Gingles* precondition 1, challengers failed to show VRA violation under the totality of the circumstances). These cases are not outliers. Courts have routinely analyzed challenges to at-large voting systems under *Gingles*, for example:

- *Reyes v. City of Farmers Branch, Tex.*, 586 F.3d 1019, 1021–22 (5th Cir. 2009) (upholding at-large voting system because plaintiffs could not satisfy *Gingles* precondition 1).

- *Kumar v. Frisco Indep. Sch. Dist.*, 476 F.Supp.3d 439, 491–502, 512–14 (E.D. Tex. 2020) (upholding at-large system because plaintiff failed to satisfy *Gingles* precondition 2).

- *Benavidez v. Irving Indep. Sch. Dist.*, 690 F.Supp.2d 451, 454–60 (N.D. Tex. 2010) (rejecting challenge to at-large system in which district-wide Hispanic CVAP was 23.08%, because plaintiffs "failed to prove by a preponderance of the evidence that the Hispanic CVAP of each illustrative district exceeds 50%"); *id.* at 455 (satisfying all *Gingles* preconditions is "necessary" to show minority voters' ability has been impaired).

- *Valdespino v. Alamo Heights Indep. Sch. Dist.*, 168 F.3d 848, 850, 852 (5th Cir. 1999) (affirming lower court holding that plaintiffs failed to make a vote dilution claim because they could not demonstrate CVAP above 50% under *Gingles* precondition 1, upholding the challenged at-large election system, and rejecting as "baseless" plaintiffs' suggestion that

2

> *Gingles* 1 should not be applied mechanically or as "bright-line test" because plaintiffs should "only need show generally their electoral *potential*") (emphasis added).

- *Brewer v. Ham*, 876 F.2d 448, 452 (5th Cir. 1989) (analyzing Killeen ISD's at-large voting system under *Gingles* and finding no VRA violation under *Gingles* precondition 1 because appellants failed their "burden to prove the existence of a single-member district in which they could elect candidates of their choice").

These cases demonstrate that Plaintiff is plainly wrong when he proclaims that *Gingles*, including its compactness requirement, has no place in at-large-election cases. *See generally* Pl. Br. at Part III.A. Just as he is plainly wrong when he pretends that he "does not challenge the at large nature of the KISD system" in his attempt to evade *Gingles*' complete foreclosure of his Section 2 claim. Pl. Br. at 1, 4, 8; *but see* Pl. Br. at 2 (complaining that "[t]he at large KISD scheme, coupled with off-cycle voting, enables a white majority to prevent the growing minority community from electing candidates of their choice"), 8 ("the present litigation challenges an at-large system"); *e.g.*, Am. Compl. ¶¶ 1, 6, 9, 10, 56, 61–62, 101, 110 (challenging the "at-large electoral structure" or "at-large system"). Plaintiff has failed to state a claim upon which relief could be granted because he cannot meet the *Gingles* preconditions. *See* Def. Br. Part III.B. Finally, there is no tension between *Gingles* and equal protection guarantees, Pl. Br. at 9–11, as demonstrated by four decades of cases in which courts have simultaneously reviewed VRA claims under *Gingles* and equal protection claims under the Constitution; that would be unnecessary if *Gingles*'s effects analysis was inconsistent with the 14th and 15th Amendments' intent analysis.

### B. The Court should also dismiss the VRA claim because Plaintiff seeks a judicial remedy without proving a violation.

Although Plaintiff failed to bring a Section 2 claim under the proper legal framework, he nevertheless demands a remedy—replacement of at-large voting with cumulative voting—without establishing that the Keller ISD at-large voting system has *actually* impeded Hispanic voters' ability to elect a candidate of choice. After spending pages of briefing seeking to elide the *Gingles*

3

framework for establishing VRA Section 2 liability, Plaintiff doesn't then offer a concrete, alternative test for establishing vote dilution for Hispanic voters in the current at-large system; rather, he just proffers cumulative voting as a "remedy" for the current system. *E.g.*, Pl. Br. at 4 (vaguely stating "the KISD election system . . . dilutes minority voting power"—notably he says "minority" rather than "Hispanic" voting power); 8–9 (suggesting a "threshold of exclusion" benchmark for a cumulative-voting remedy); 12–13 (proffering cumulative voting as an avenue for "political coalitions across racial lines"); 13–14 (alleging facts wholly unrelated to voting in his brief discussion of the totality of circumstances).

*Gingles* provides a clear, measurable test for whether a minority group has had their ability to elect candidates of choice impeded by a jurisdiction's election system. Yet the Supreme Court recently reaffirmed that standard, noting that "Congress has never disturbed our understanding of § 2 as *Gingles* construed it. And we have applied *Gingles* in one § 2 case after another, to different kinds of electoral systems." *Allen*, 599 U.S. at 19. *Gingles* is not likely to be replaced by the Supreme Court in this case—*see, e.g.*, *Petteway v. Galveston Cnty.*, 111 F.4th 596, 608–09 (5th Cir. 2024) (en banc) (noting that "[o]n two occasions, the Supreme Court has rejected Section 2 plaintiffs' attempts to circumvent" the *Gingles* requirement of "proof that the minority group is sufficiently large to constitute a majority in a reasonably configured single-member district"). And certainly not without establishing a different, concrete system for courts to apply to establish liability for Section 2 violations—yet that is what Plaintiff improperly asks of this Court.

### C. The Court should dismiss the 14th and 15th Amendment claims.

Plaintiff likewise has not stated a claim under the 14th and 15th Amendments. Equal protection challenges require proof that race was a predominant motivating factor in a decision, such that there was a discriminatory intent behind the decision; for challenges to voting systems, it must be shown that they were constructed for the purpose of denying equal access to the electoral

4

system. *See Abbott v. Perez*, 585 U.S. 579, 603 (2018); *Shaw v. Reno*, 509 U.S. 630, 649 (1993); *Gomillion v. Lightfoot*, 364 U.S. 339, 341 (1960). For election-system challenges, courts determine whether they were "conceived or operated as [a] purposeful device[] to further racial discrimination by minimizing, cancelling out or diluting the voting strength of racial elements in the voting population." *Rogers v. Lodge*, 458 U.S. 613, 617 (1982). Discriminatory intent requires more than showing that "a policy disproportionately affects members of a certain race." *Johnson v. Waller Cnty.*, 593 F.Supp.3d 540, 612 (S.D. Tex. 2022) (*citing Rogers*, 458 U.S. at 618).

It is "axiomatic that at-large . . . schemes are not per se unconstitutional." *Zimmer v. McKeithen*, 485 F.2d 1297, 1304 (5th Cir. 1973) (collecting cases). Nevertheless, Plaintiff claims that the District's decades-old at-large voting system is unconstitutional under *Zimmer*. Not so.

Keller ISD's at-large system was neither conceived nor operated to further racial discrimination. Plaintiff offers no facts to support a constitutional violation; instead, he attempts to manufacture a claim of discrimination by conflating Hispanics with all "racial minorities." Pl. Br. at 17 ("racial minorities have unequal access to the political process"), 14 (arguing that Keller ISD's CVAP analysis should include "the District's Black population").

At-large systems treat every voter equally because each voter is permitted to cast one vote for each Trustee position. *See e.g.*, *Colgrove v. Green*, 328 U.S. 549, 574 (Black, J., dissenting) (An at-large election system "has an element of virtue that [others do] not have—namely, it does not discriminate against some groups in favor of others, it gives all the people an equally effective voice in electing their representatives as is essential under a free government, and it is Constitutional."). Keller ISD elections are non-partisan, so there is no political-party primary system that courts have in the past deemed a barrier to minority-voter participation. *E.g.*, *Rogers*, 458 U.S. at 625 (citing past discrimination in Democratic Party primaries); *id.* at 619 n. 8 (one of

5

the *Zimmer* factors is "a lack of minority access to the candidate selection process"). Nor does the Keller ISD system require a majority vote to win an election, Keller ISD BBB(Local)-X (Apr. 24, 2018), another aspect of the Georgia system the Supreme Court found problematic, *Rogers*, 458 U.S. at 627. And there are plenty of race-neutral reasons for maintaining the at-large system. Allowing voters to have some say over each Board seat, rather than a slightly larger say over just one or a few seats, is a legitimate governmental interest. *See Lopez v. Abbott*, 339 F.Supp.3d 589, 618–19 (S.D. Tex. 2018). Not injecting an untried voting scheme for the District that poses the potential for confusion of voters regardless of race—especially when that confusion could lead to cancelled votes—is another non-discriminatory rationale supporting the at-large system. *See* Tex. Educ. Code § 11.054(d) (In a cumulative voting system, "[i]f a voter casts more than the number of votes to which the voter is entitled in the election, none of the voter's votes may be counted in that election."). As explained in the opening brief, the Board is no longer considering detachment, a decision that *responded* to concerns of voters of all races. Plaintiff is wrong that the decision amounted to "a recognition of liability" in any way, nor should it be construed as evidence of such liability. Pl. Br. at 18 (erroneously suggesting that considering detachment was an "unlawful action"). To the extent the Court finds that *Zimmer* controls, it favors Defendants.

   **D.**  **The Court should dismiss the complaint because Plaintiff's "remedy" would not provide Hispanic voters the opportunity to elect candidates of choice.**

Plaintiffs must demonstrate that "'a favorable decision will relieve a discrete injury.'" *Texas v. U.S.*, 126 F.4th 392, 412 (5th Cir. 2025) (quoting *Massachusetts v. EPA*, 549 U.S. 497, 525 (2007)). Plaintiff fails this standard—even if Plaintiff could demonstrate that Keller ISD's at-large system deprived Hispanic voters of the opportunity to elect candidates of their choice (and he cannot), he asks for a "remedy" that does not provide Hispanic voters that opportunity.

Under Plaintiff's requested cumulative-voting system, he claims that the CVAP required to elect a candidate of choice would be 25% (in years when three seats are up for election) or 33.3% (when two seats are up for election). Pl. Br. at 9; Am. Compl. ¶ 50. ACS data shows Hispanic CVAP since 2021 has vacillated between about 12.5% and 16.5%. MTD App'x 3–14. Plaintiff suggests that current Hispanic CVAP is just over 15%. Accordingly, even if the Court imposed cumulative voting on the District, Hispanic voters would still remain unable to elect candidates of their choice. Plaintiff's proffered remedy is no remedy at all for Hispanic voters in Keller ISD. It is telling that Plaintiff cannot come up with *any* remedy under which Hispanic voters in Keller ISD could elect candidates of their choice; it further confirms that the at-large voting system does not prevent Hispanic voters from electing Trustees of their choice. Instead, the relatively small percentage of CVAP that Hispanics hold prevents them from controlling elections and electing Trustees of their choice. The District's voting system is not responsible for that fact, and no alternative voting system would change it. Finally, Plaintiff's attempt to justify his proffered remedy on the basis of "coalition politics" amongst voters of multiple races, in the absence of any scenario in which Hispanic voters could elect candidates on their own, is foreclosed by precedent. Def. Br. at 12 (citing *Pettaway*, 111 F.4th at 599, which forecloses coalition claims).

### E. If any claims remain, the Court should dismiss the individual Defendants.

Plaintiff's claims against the individual Trustees are duplicative. The relief sought against all Defendants—an overhaul of Keller ISD's election system—is the same. Indeed, relief could not be had against any individual Trustee because they do not and cannot act alone. Accordingly, Plaintiff's claims against the individual Trustees should be dismissed.

"[A]n official capacity suit is, in all respects other than name, [] a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "If the claims against an official in his official capacity seek identical relief as claims against a governmental entity, the official capacity claims

7


may be dismissed as duplicative." *Notariano v. Tangipahoa Par. Sch. Bd.*, 266 F.Supp.3d 919, 928 (E.D. La. 2017) (citing *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001)). This rule applies to voting rights cases. *E.g.*, *Shafer v. Pearland Indep. Sch. Dist.*, No. 3:22-cv-387, 2023 WL 6216538, at *2 (S.D. Tex. May 4, 2023). And as *Shafer*, *Notariano*, and other cases demonstrate, the rule is routinely applied to dismiss school board members and leave the school board itself as the proper defendant. *See* Def. Br. at 23.

The claims against the Trustees in their official capacity are redundant of the claims levied directly against Keller ISD. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Weathers v. Sch. Bd. of Lafayette Par.*, 281 Fed. App'x 428, 428–29 (5th Cir. 2008); *Roman v. Whitmire*, 62 F.3d 396 (5th Cir. 1995) (per curiam). Plaintiff will not be prejudiced by the dismissal of the individual Trustees and leaving the Board as the defendant. *See Jenkins v. Bd. of Educ. of Houston Indep. Sch. Dist.*, 937 F.Supp. 608, 613 (S.D. Tex. 1996).

Moreover, Plaintiff cannot distinguish between the Board of Trustees and the Trustees themselves for purposes of establishing a violation or obtaining relief. In citing *Center for Inquiry, Incorporated v. Warren*, Plaintiff admits that an injury must be "fairly traceable to the defendant's allegedly unlawful conduct." 845 F. App'x 325, 327 (5th Cir. 2021). But Plaintiff conflates the actions of the Board with the actions of individual Trustees.

Plaintiff must, but cannot, identify exactly how his injury is fairly traceable to each individual Trustee defendant. *See La Union del Pueblo Entero v. Abbott*, 770 F.Supp.3d 974 (W.D. Tex. 2025). No individual Trustee is responsible for the existing voting system, nor could he or she unilaterally change it. The Board makes decisions for the District. Thus, the Board is the proper defendant. *See, e.g.*, *Ala. State Conf. of NAACP v. City of Pleasant Grove*, 372 F.Supp.3d 1333, 1339 (N.D. Ala. 2019); *see also Ramos v. City of San Antonio,* No. SA-05-CA-0500-RF, 2005 WL

3046245, *3 (W.D. Tex. Nov. 3, 2005) (dismissing duplicative Voting Rights Act official-capacity claims under Rule 12(b)(6)); *Baines v. Masiello,* 288 F.Supp.2d 376, 385 (W.D.N.Y. 2003) (same).

    **F.     Plaintiff's brief confirms his lack of standing to bring this lawsuit.**

"[S]tanding is a jurisdictional prerequisite" to a plaintiff's lawsuit. *Estate of Parker v. Miss. Dep't of Public Safety*, --F.4th--, 2025 WL 1603809, at *3 (June 6, 2025) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). Standing requires a plaintiff to show an injury in fact, fairly traceable to the conduct of defendants, that is likely to be redressed by a favorable judicial decision. *Book People, Inc. v. Wong*, 91 F.4th 318, 328 (5th Cir. 2024) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Traceability requires plaintiffs to show "a causal connection between the injury and the conduct complained of." *Estate of Parker*, 2025 WL 1603809, at *4 (internal quotation omitted).

Plaintiff's opposition brief confirms that any lack of ability to elect candidates of choice for Hispanic voters in Keller ISD is due to their relatively small percentage of the population, not any districting or voting decision established or maintained by Defendants. *See* Pl. Br. at 4–5; Am. Compl. ¶ 109. There is no injury, much less one fairly traceable to Defendants, because Hispanic voters have not been denied the opportunity to elect candidates of choice. And Plaintiff asks the Court for a "remedy" that, by his own admission, will not and cannot provide Keller ISD Hispanic voters (with their CVAP of approximately 15%) any such opportunity to elect candidates of their choice. Pl. Br. at 9; *supra* Part II.D. Plaintiff thus fails each prong of the standing analysis. Accordingly, even if not raised by Defendants, the Court would be obligated to consider Plaintiff's standing and dismiss the case if it agrees that it is lacking here. *E.g.*, *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331–32 (5th Cir. 2002).

**G.    The Court should award Defendants their attorneys' fees and costs.**

Plaintiff cites *Vaughan v. Lewisville Independent School District* for the proposition that defendants are entitled to fees only when plaintiff brings a case that is "frivolous, unreasonable, or without foundation," 62 F.4th 199, 203 (5th Cir. 2023); Pl. Br. 11, and that fees would be unwarranted if "ongoing evolution in courts' views" gave credence to a plaintiff's argument, even if the argument is ultimately wrong, *Vaughan*, 62 F.4th at 206; Pl. Br. 11. Under that standard, Defendants are entitled to attorneys' fees. Defendants have shown:

- Pursuing a VRA Section 2 claim without meeting *Gingles* is foreclosed by precedent.
- A VRA claim relying on a coalition of minority groups is foreclosed by precedent.
- Demanding a judicial remedy without proving a legal violation is foreclosed by precedent.
- Demanding a remedy that doesn't relieve the alleged injury is foreclosed by precedent.

And there is no "ongoing evolution in courts' views" to suggest that any of the above—much less all of the above—is ripe for overturning by the U.S. Supreme Court or the Fifth Circuit. *Vaughan*, 62 F.4th at 206. This action is surely "unreasonable" and "without foundation;" it is also "frivolous." Plaintiff, not Defendants, should thus be required to foot the bill for this endeavor.

**PRAYER**

The Court should dismiss the First Amended Complaint with prejudice because it fails in numerous respects to state a claim upon which relief could be granted. The Court should award Defendants their attorneys' fees and costs as the prevailing party in this litigation, as well as any other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

**JACKSON WALKER LLP**

By: */s/ Timothy Davis*
   Timothy Davis
   State Bar No. 24086142
   tdavis@jw.com
   Allison B. Allman
   State Bar No. 24094023
   aallman@jw.com
   Alexandra M. Williams
   State Bar No. 24107297
   amwilliams@jw.com
   777 Main St., Suite 2100
   Fort Worth, Texas 76102
   (817) 334-7206
   (817) 870-5126 (Facsimile)

   -and-

   Bethany Pickett Shah
   State Bar No. 24102357
   bpickett@jw.com
   1401 McKinney, 19th Floor
   Houston, Texas 77010
   (713) 752-4365
   (713) 752-4221 (Facsimile)

   -and-

   Adam W. Aston, *pro hac vice*
   State Bar No. 24045423
   aaston@jw.com
   100 Congress Ave., Suite 1100
   Austin, Texas 78701
   (512) 236-2056
   (512) 691-4456 (Facsimile)

*Attorneys for Defendants*

11

## **CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing instrument has been forwarded via e-service, e-file or U.S. First Class Mail on June 26, 2025.

                                               */s/ Timothy Davis*
                                               Timothy Davis